**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

February 17, 2021

Carl D. Neff, Esquire
FisherBroyles, LLP
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, DE 19803

Lisa Zwally Brown, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Re: *Jason Dolan v. Jobu Holdings, LLC, et al.*
C.A. No. 2020-0961-JRS

Dear Counsel:

I have reviewed Plaintiff's Motion to Compel (D.I. 15), Supplemental Motion to Compel (D.I. 21), Motion to Continue Trial (D.I. 22) and Motion for Expedited Proceedings relating to the Motion to Continue Trial (D.I. 23) (collectively, the "Motions"). With limited exceptions explained below, the Motions are denied.

## I. The Motion to Compel and Supplemental Motion to Compel

As for the two motions to compel, I begin with the premise that "[b]ooks and records actions are not supposed to be sprawling, oxymoronic lawsuits with extensive discovery." *KT4 Partners LLC v. Palantir Technologies, Inc.*, 203 A.3d

738, 754 (Del. 2019).[1]  Given the remarkable breadth of the discovery propounded by Plaintiff in this summary books and records action, it is clear this premise has been lost on Plaintiff.[2]  With the limiting principle in mind, I address each of the disputed items of discovery in turn.

### A. The Factual Basis for Defendant's Statement that Plaintiff Is Pursuing This Inspection Demand on Behalf of Third Parties

Defendant has represented that it will not resist inspection on this ground, and it will be held to that representation.  Accordingly, this discovery seeks information that is no longer relevant to this dispute, if it ever was.  Plaintiff's argument that the discovery is relevant to the Defendant's credibility is rejected.  First, I do not see how the discovery is probative of credibility.  And second, in this summary

---

[1] *See also Ravenswood Inv. Co. LP v. Winmill & Co., Inc.*, 2013 WL 396178, at *2 (Del. Ch. Jan. 31, 2013) (reiterating that, "[a]s for the Section 220 portion of this proceeding, the Court notes that the discovery obligation typically confronted by the corporate defendant is relatively minimal; indeed, it has been described as 'narrow in purpose and scope'") (citation omitted).

[2] Plaintiff has propounded two sets of interrogatories (totaling 45), one set of requests for production of documents and one third-party subpoena.  This in a case where the purpose of the demand for inspection is to value plaintiff's equity ownership, not to investigate wrongdoing, and where Defendant has acknowledged that Plaintiff's purpose, if it actually is as stated, is a proper purpose.

proceeding, credibility is a peripheral issue in any event. The motion to compel this information is denied.

### B. The Factual Basis for Defendant's Denial of Inspection on the Ground that Defendant Cannot "Fathom any Legitimate Basis, Business or Otherwise, for the Request"

Plaintiff, as unitholder, bears "the burden of proof to demonstrate a proper purpose [for inspection] by a preponderance of the evidence." *Seinfeld v. Verizon Communications, Inc.*, 909 A.2d 117, 122 (Del. 2006). Contrary to Plaintiff's position, lack of proper purpose is not an affirmative defense. *Id.* Plaintiff's motion to compel rests on the premise that Defendant bears some burden to prove that Plaintiff's purpose is improper. Since this premise misstates Delaware law, the motion to compel this information is denied.[3]

---

[3] I note that the disputes in this case, as refined, appear to relate only to scope and confidentiality. As to the latter point, while there is no presumption that the production of Section 220 (or Section 18-305) documents will be subject to a confidentiality condition, this court "has the power to impose reasonable confidentiality restrictions," and "the targets of [inspection] demands will often be able to demonstrate that some degree of confidentiality is warranted when they are asked to produce nonpublic information." *Tiger v. Boast Apparel, Inc.*, 214 A.3d 933, 939 (Del. 2019). With this in mind, I urge the parties to attempt to resolve this dispute without the need for trial. While Plaintiff may have grievances with this Defendant and its manager(s), given the proffered valuation purpose for inspection, this action is not the vehicle by which to air those grievances.

### C. Information Regarding Document Collection, Search and Review Process

This request seeks standard information and Plaintiff is entitled to a formal, verified response. The motion to compel this information is granted. With that said, to the extent the requests for production of documents seek the same documents that are the subject of Plaintiff's demand for inspection, Defendant is correct that it need not produce those documents unless and until such time it is ordered to produce them in the Court's final judgment.

### D. The Supplemental Motion to Compel

Plaintiff seeks information relating to subsidiaries of Defendant, including Outback Presents. It appears Defendant acknowledges that information relating to Outback Presents would be relevant to Plaintiff's valuation purpose if the Court determines that is, in fact, Plaintiff's purpose in seeking inspection. Thus, if the Court determines that inspection is justified to allow Plaintiff to value his ownership interest in Defendant, then Plaintiff will be entitled to inspect documents relating to

---

Plaintiff has asked to inspect documents. On his best day, that is all the relief he can achieve here.

both Defendant and Defendant's subsidiaries.  There is no need for discovery of this information until the Court determines that inspection is appropriate.  The motion to compel this information is denied.

## II.  The Motion to Continue Trial and Motion to Expedite

The sole ground for the Motion to Continue Trial was that the Court could not and would not hear the motions to compel in sufficient advance of the scheduled March 19, 2021 trial to allow Plaintiff to process the fruits of the compelled discovery.  The Court has now resolved the pending motions to compel.  There is, therefore, no need to continue the trial in this summary proceeding.[4]  The Motion to Continue Trial, and corresponding Motion to Expedite, are, therefore denied.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[4] As an aside, I note that Plaintiff's suggestion that the Court "**reasonably** continue the trial date" (emphasis added) implies a mistaken assumption that the Court could reschedule this trial in the next few months.  The Court's trial calendar is full through 2021.  Absent truly exigent circumstances, the Court currently is scheduling trials well into 2022.